UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



| | |
|---|---|
| MTI ENTERPRISES INC.<br>d/b/a MUSIC THEATRE INTERNATIONAL<br><br>and<br><br>MUSIC THEATRE INTERNATIONAL, LLC<br>d/b/a MUSIC THEATRE INTERNATIONAL<br><br>Plaintiffs,<br><br>v.<br><br>THEATERPALOOZA COMMUNITY<br>THEATER PRODUCTIONS, INC.<br>d/b/a THEATERPALOOZA<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:18-cv-650 (TSE/IDD)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Motion for Default Judgment from MTI Enterprises, Inc., d/b/a Music Theatre International and Music Theatre International, LLC d/b/a Music Theatre International against Theaterpalooza Community Theater Productions, Inc., d/b/a Theaterpalooza pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 12).

After a licensed attorney for Defendant failed to appear at the hearing on August 10, 2018, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment and the memorandum thereto, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be **GRANTED in part and DENIED in part** against Defendant.

## I. INTRODUCTION

On June 1, 2018, Plaintiffs filed this action under Sections 106 and 501 of the Copyright Act of the United States as amended, 17 U.S.C. §§ 106 and 501, alleging copyright infringement. (Compl. ¶ 11). Plaintiffs allege that Defendant infringed and will infringe on the copyrights for various musical plays in which Plaintiffs have exclusive licensing rights. (Compl. ¶ 36). Defendant failed to submit responsive pleadings and did not appear at the August 10, 2018 hearing on Plaintiffs' Motion for Default Judgment. (Dkt. No. 14). Plaintiffs seek a money judgment awarding maximum statutory damages, a permanent injunction, and attorney's fees and costs. (Dkt. No. 12 at 10).

### A. Jurisdiction and Venue

For a court to render default judgment over a party, it must have subject matter and personal jurisdiction over the party and be the appropriate venue for the action. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under federal law, the Copyright Act. (Compl. ¶¶ 8-9). This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the Commonwealth of Virginia, the infringing acts took place in the Commonwealth of Virginia, and Plaintiffs suffered infringement injury in the Commonwealth of Virginia. (Compl. ¶ 10). Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District. (Compl. ¶¶ 7, 11, 22). Therefore, the undersigned recommends a finding that jurisdiction and venue are proper with respect to the Defendant in this action.

### B. Service of Process

Federal Rule of Civil Procedure 4(h) governs service upon corporations, partnerships, and other unincorporated associations and allows service by following state law where the

district court is located. *See* Fed. R. Civ. P. 4(h)(1)(A). On June 26, 2018, a private process server served Teresa Walker, registered agent for Defendant, by delivering a copy of the Summons and Verified Complaint to 44611 Guilford Drive, #155, Ashburn, Virginia 20147. (Dkt. No. 8). Therefore, properly served Defendant with process.

### C. Grounds for Default

Plaintiffs filed their Complaint on June 1, 2018. (Dkt. No. 1). Defendant failed to appear, answer, or file any responsive pleading in this matter. On July 25, 2018, the Clerk entered default against Defendant upon Plaintiffs' Request for Entry of Default. (Dkt. Nos. 9-10). On August 1, 2018, Plaintiffs filed a Motion for Default Judgment, and the Court held a hearing on the matter on August 10, 2018. (Dkt. Nos. 12, 14). After Defendant failed to appear at the August 10, 2018 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. FACTUAL FINDINGS

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint, the Motion for Default Judgment, and memorandum in support thereof.[1] Plaintiff MTI Enterprises, Inc. ("MTI"), is a musical licensing agency incorporated in New York. (Compl. ¶ 6). Plaintiff Musical Theatre International, LLC is an affiliate of Plaintiff MTI organized in Delaware. (*Id.*). Collectively, pursuant to Representation Agreements, Plaintiffs have the exclusive right to license performances of copyrighted musicals, such as *Annie*, *Mama Mia!*, and *Hairspray*. (Compl. ¶¶ 12-21). For small scale amateur productions, Plaintiff MTI charges a licensing fee and materials rental charge ranging from $1,500 to $2,500 per production,

---

[1] Because Defendant failed to answer Plaintiffs' Complaint, Defendant admits Plaintiffs' factual allegations. Fed R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts alleged state a claim.").

3

depending on variables including the number of performances, seats per performance, and amount of admission fees charged for each performance. (Compl. ¶¶ 15, 18, 21).

Defendant, a non-profit Florida corporation, offers children musical theater classes and camps in Ashburn, Virginia, Leesburg, Virginia, and Hagerstown, Maryland. (Compl. ¶¶ 7, 22). Defendant offers after school programs, acting classes, and theater camps, and charges tuition fess up to $600 per child. (Compl. ¶¶ 22, 32). Defendant presents numerous musical theater productions and charges an admission fee of $15 for adults and $12 for children. (Compl. ¶¶ 7, 32). Plaintiffs allege that many of Defendant's musical productions are copyright protected and were performed without a license or authorization, in violation of the Copyright Act. (Compl. ¶ 23). Prior to filing this pending suit, Plaintiffs attempted to stop Defendant from infringing on its copyrighted musicals by sending Defendant multiple notices informing Defendant of its unlawful activity. (Compl. ¶¶ 27-31).

As early as January 12, 2015, Plaintiff MTI contacted Ms. Walker, owner and principal for Defendant, and informed her that Defendant was infringing on Plaintiffs' copyrighted work of *Mary Poppins* and demanded a halt of the performance until a license was obtained. (Compl. ¶ 27). Ms. Walker responded on the same day and claimed that Defendant was not using any copyrighted materials and that a payment would be made for *Mary Poppins*. (*Id.*). Plaintiff MTI did not receive a payment for the unauthorized productions of *Mary Poppins*. (*Id.*).

On April 13, 2015, Plaintiff MTI then sent a follow up notice repeating its earlier demand with respect to Defendant's infringing use of copyrighted works and the outstanding balance of $1,110.00 for Defendant's *Mary Poppins* production. (*Id.*). Plaintiffs did not receive a payment. (*Id.*). On December 1, 2016, Plaintiff MTI sent another notice reiterating the same demands. (Compl. ¶ 28). Despite these notices, in the summer of 2016, Defendant presented an

4

unauthorized production of *Annie* as part of its summer camp. (Compl. ¶ 24).

In February, March, and April of 2017, Plaintiff MTI received notices from customers that Defendant was continuing to advertise and promote unlicensed shows. (Compl. ¶ 29). Accordingly, on May 15, 2017, Plaintiff MTI sent a demand by e-mail and Federal Express indicating that such performances cannot be presented without a valid performance license. (Compl. ¶ 29; Compl. Ex. T). On December 12, 2017, Plaintiffs' legal counsel sent Defendant another letter informing her of the infringements and that the payment of $1,110.00 for *Mary Poppins* was still outstanding. (Compl. ¶ 30; Compl. Ex. U). Ms. Walker did not respond to this letter despite being requested to do so. (Compl. ¶ 30). Plaintiffs' legal counsel contacted Ms. Walker again on January 18, 2018, and demanded a response by February 1, 2018. (Compl. ¶ 31). Ms. Walker did not respond. (Compl. ¶ 31). In the spring of 2018, Defendant presented a production of *Annie*. (Compl. ¶ 25).

On July 17, 2018, two media reports were published in Loudoun County detailing the pending lawsuit. (Dkt. No. 16 Ex. A-B). In the Loudoun Now publication, Ms. Walker stated that Defendant had "been in talks" with Plaintiffs. (Dkt. No. 16 Ex. A). In the Loudoun Times Mirror publication, Ms. Walker stated, Defendant "has been working with MTI's attorneys for several weeks to resolve the issue." (Dkt. No. 16 Ex. B). On July 24, 2018, Ms. Walker sent an email to Defendant's clients and acknowledged that there is a pending suit against Defendant and admitted that money was owed to Plaintiffs. (Dkt. No. 16 Ex. C). During this time, Defendant advertised unlicensed performances, the most recent being *Annie*, *Mamma Mia!*, and *Hairspray* for July and August 2018. (Compl. ¶ 32).

### III. EVALUATION OF PLAINTIFFS' COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A defendant in default concedes the factual allegations of the complaint. *See, e.g., DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322, n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiffs' claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### A. Copyright Infringement

Plaintiffs assert a claim of willful copyright infringement against Defendant in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501. The Copyright Act allows a copyright owner the "exclusive rights to do and to authorize . . . in the case of . . . musical. . . works, to perform the copyrighted work publicly. . . ." 17 U.S.C. § 106(4). The Copyright Act further provides that anyone who violates any of the exclusive rights of the copyright owner is an infringer. 17 U.S.C. § 501(a). To establish copyright infringement, a plaintiff must prove two things: (1) ownership of a valid copyright and (2) that the defendant copied original elements of the copyrighted work. *Feist Publ'ns, Inc. v. Rural Tel. Serv., Co.*, 499 U.S. 340, 361 (1991). A court may determine willful infringement from evidence indicating a defendant received notice informing him that a particular material was protected. *See Superior Form Builders. Inc. v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488, 496 (4th Cir. 1996) (citing to *Video Views, Inc. v. Studio 21, Ltd.* 925 F.2d 1010, 1021 (7th Cir. 1991)). Generally, a prevailing party is entitled to remedies including final injunctions and monetary damages. 17 U.S.C. §§ 502, 504.

#### 1. Ownership of Valid Copyright

Pursuant to Representation Agreements, the authors of *Annie*, *Mamma Mia!*, and *Hairspray* granted Plaintiffs the exclusive right to license the performances of these works. (Compl. ¶ 12–21). Furthermore, Plaintiffs are presumed to have valid copyrights because the copyrights for *Annie*, *Mamma Mia!*, and *Hairspray* musicals are registered with the United States Copyright Office. (Compl. Ex. A–C); *see* 17 U.S.C. § 410(c) (stating that a certificate of registration is "prima facie evidence of the validity of the copyright"); *Sari v. Am.'s Home Place, Inc.*, 129 F. Supp. 3d 317, 326 (E.D. Va. 2015) (stating that a copyright registration creates a presumption of a valid copyright and shifts the burden to the defendant to rebut (citing *Universal*

*Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 428 (4th Cir. 2010))). By failing to answer the Complaint, Defendant has failed to rebut the presumption that Plaintiffs own valid copyrights for *Annie*, *Mamma Mia!*, and *Hairspray*. Therefore, the undersigned concludes that Plaintiffs own valid copyrights for *Annie*, *Mamma Mia!*, and *Hairspray*.

2. Infringement

Plaintiffs allege that Defendant infringed on Plaintiffs' copyrights by performing unlicensed versions of *Annie* as part of its spring and summer theater camps in 2016 and 2018. (Compl. ¶ 24–25). Further, Plaintiffs allege that Defendant advertised and promoted performances of *Annie*, *Mamma Mia!*, and *Hairspray* for the summer of 2018. (Compl. ¶ 32). Plaintiffs maintain that Defendant did not obtain a performance license or pay a licensing fee for the right to present such productions. (Compl. ¶ 33). Therefore, Defendant's conduct constitutes copyright infringement because Defendant publicly performed and promoted future performances of Plaintiffs' copyrighted material without authorization. The undersigned Magistrate Judge finds that Defendant infringed on Plaintiffs' copyrights.

3. Willful

Plaintiffs allege that Defendant's infringing conduct was willful because Defendant was aware of Plaintiffs' copyrights. (Dkt. No. 12 at 9). An infringement is willful if the defendant has actual knowledge of the infringement and disregards the copyright owner's rights. *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 799 (4th Cir. 2001). "[E]vidence that notice has been accorded to the defendants before the specific facts found to have constituted infringement occurred is perhaps the most persuasive evidence of willfulness." *Superior Form Builders. Inc.*, 74 F.3d at 496. Here, Defendant's infringement was willful because it had actual knowledge of the infringement and disregarded Plaintiffs' copyrights.

8

Defendant had actual knowledge of the copyright infringement because not only did Defendant reply to Plaintiffs' first notice on January 12, 2015, but it also recently commented on the pending lawsuit to the media and Defendant's clients. In Defendant's reply e-mail ("Reply E-mail") to Plaintiffs' January 12, 2015 notice, Ms. Walker stated, "[w]e had no idea that this is illegal," and that Defendant would pay the outstanding amount due for *Mary Poppins*. (Compl. Ex. R). Years later, even though Plaintiffs received no response after the Reply E-mail, Ms. Walker told Loudoun County reporters that she is "in talks with the [Plaintiffs]," and "she has been working with MTI's attorneys for several weeks to resolve the issue." (Dkt. No. 16 Ex. A, B). Those statements are untrue. In Ms. Walker's recent e-mail to her community, she admitted that Defendant is being sued. (Dkt. No. 16 Ex. C). As early as January 12, 2015, Defendant was aware of Plaintiffs' copyrights and that it was infringing on those rights. Defendant disregarded those rights and continued to perform and advertise copyrighted material. Thus, the undersigned Magistrate Judge finds that Defendant willfully infringed on Plaintiffs' protected works.

## IV. **REQUESTED RELIEF**

Plaintiffs request relief for willful copyright infringement. (Compl. ¶ 42). Plaintiffs request the maximum statutory relief for the registered copyrighted works of *Annie*, *Mama Mia!*, and *Hairspray*, as well as a permanent injunction to prevent further infringement and irreparable harm of Plaintiffs' copyrights and Plaintiffs themselves. (Dkt. No. 12, at 10). Plaintiffs also request attorney's fees and costs. (*Id.*).

A.   **Statutory Damages**

Under the Copyright Act, Plaintiffs may recover statutory damages for willful infringement in an amount between $750 and $150,000 "for any one work. . . ." 17 U.S.C. § 504(c)(1)–(2). In the instant action, Plaintiffs have elected to pursue the maximum statutory

award for willful infringement. (Dkt. No. 12, at 10). As the Court previously found Defendant's acts were willful, Plaintiffs are entitled to a statutory award for willful infringement.

Courts in the Fourth Circuit have wide discretion in determining the appropriate statutory award, particularly where the infringement is willful. *Graduate Mgmt. Admission Council v. Lei Shi*, No. 1:07cv605 (LMB/BRP), 2008 U.S. Dist. LEXIS 1621, at *3 (E.D. Va. Jan. 7, 2008). In determining the appropriate statutory award, courts consider deterrence of the wrongful conduct. *See F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952) ("The statutory rule . . . is designed to discourage wrongful conduct."). Courts also consider evidence of the following: a history of copyright infringement; whether defendants are impervious to deterrence or rehabilitation; defendant's knowledge of copyright laws, any misleading or false statements; or evidence that defendants knew of their infringing conduct and disregarded the copyright owner's rights. *Superior Form Builders, Inc.*, 74 F.3d at 496. Here, as expressed above, Defendant had actual knowledge of its infringing conduct and disregarded Plaintiffs' exclusive rights. Instead of attempting to resolve the issue, Defendant continued to advertise and promote Plaintiffs' copyrighted works. (Compl. ¶ 32). In addition, Defendant essentially ignored Plaintiffs' numerous notices of infringement. Defendant also provided misleading and false statements to Loudoun County newspapers concerning its efforts to resolve the issue with Plaintiffs. The complete disregard of Plaintiffs' copyright rights supports a significant monetary award to deter Defendant's infringing conduct in the future. Accordingly, the undersigned Magistrate Judge finds Defendant liable for the maximum statutory award for *Annie*, *Mama Mia!*, and *Hairspray*, in the amount of $450,000.

**B. Permanent Injunction**

This Court has jurisdiction under the Copyright Act to grant a permanent injunction. 17 U.S.C. § 502(a). For a court to grant a permanent injunction, the plaintiff must satisfy the four-factor test by demonstrating that: (1) it suffered an irreparable injury; (2) monetary damages are inadequate; (3) the balance of hardships favor the injunction; and (4) the public interest is not disserved by the injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The decision to grant or deny a permanent injunction is within the "equitable discretion" of the court. *Id.*

1. Irreparable Injury and Adequacy of Monetary Damages

Irreparable injury is often a natural consequence of copyright infringement and it merges with the inquiry of whether legal remedies are adequate. *Tattoo Art, Inc. v. TAT Int'l, LLC*, 794 F. Supp. 2d 634, 660 (E.D. Va. 2011) (internal citations omitted); *see Christopher Phelps & Assocs. v. Galloway*, 492 F.3d 532, 544 (4th Cir. 2007) (stating that irreparable injury can result from the fact that monetary damages are difficult to calculate). Defendant completely disregarded Plaintiffs' copyrights through its continuous advertisements and promotions of *Annie*, *Mama Mia!*, and *Hairspray* despite numerous cease and desist letters. (Compl. ¶¶ 27-29, 31-32). Accordingly, Plaintiffs have suffered irreparable harm and monetary damages are inadequate.

2. Balance of Hardships and Public Interest

Plaintiffs have been irreparably harmed by Defendant's copyright infringements and monetary damages are insufficient to compensate for the injury; Defendant's unlawful conduct, on the other hand, garners no support. *See Splitfish AG v. Bannco Corp.*, 727 F. Supp. 2d 461, 468 (E.D. Va. 2010) (finding that the balance of hardships was in plaintiff's favor even though

an injunction would destroy defendants' business). Accordingly, the balance of hardships favors the injunction, particularly in a case like the one at bar where Defendant continues to infringe on protected work despite having received multiple notices.

Public interest is also served by granting a permanent injunction. Under the Copyright Act, it is in the public interest to uphold the exclusive rights of the copyright owner. *Splitfist AG*, 727 F. Supp. 2d at 469. Therefore, the public interest is not served by permitting further copyright infringement. Accordingly, the undersigned Magistrate Judge finds it appropriate to award a permanent injunction against Defendant.

### C. Attorney's Fees

The Copyright Act provides that the court may allow the recovery of reasonable attorney's fees and costs. 17 U.S.C. § 505; *see Robinson v. Equifax Info Serv., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (outlining a three step framework to calculate reasonable attorney's fees). Plaintiffs request attorney's fees in the amount of $70,759.72. (Dkt. No. 16 at 3-4). In support of its request, Plaintiffs submitted an affidavit of Edwin Komen, a partner at Sheppard, Mullin, Richter & Hampton, LLP, who is responsible for overseeing the billing of this case. (Dkt. No. 16). Although his affidavit details the work performed in connection with this case and states the hourly rate for the attorneys of record in the case, the attorneys of record did not submit their own affidavit indicating that their hourly rates coincide with the prevailing market rate in the relevant community. *See Grissom v. Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008) ("The fee applicant bears the burden of proving the reasonableness of the hours expended and the requested hourly rates, which generally requires submission of the attorney's own affidavit and timesheets as well as 'satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which [the attorney] seeks an award.'" (quoting

*Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990))); *Crump v. United States Dep't of Navy*, 245 F.Supp. 3d 692, 699 (E.D. Va. 2017) (pointing to the twelve factors outlined by *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) to determine whether the amount requested for attorney's fees is a reasonable rate and reasonable number of hours expended). Without such information, the Court cannot make a reasonableness determination. Upon review of the affidavit and having insufficient evidence to determine the reasonableness of the amount of attorney's fees requested, the undersigned recommends denying Plaintiffs' request for attorney's fees. In the alternative, the undersigned recommends a reduction in the attorney's fees to a range of $50,000 to $60,000.

Plaintiff also requests costs of this litigation in the amount of $1,532.72. Based on the affidavit submitted, sufficient detail was provided as to how the amount was derived. (Dkt. No. 16 Ex. 2 at 9). Therefore, the undersigned recommends awarding Plaintiffs' costs.

## I. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of Plaintiffs and against Defendant for willful copyright infringement. Plaintiffs are entitled to a maximum statutory award for *Annie*, *Mama Mia!*, and *Hairspray*, in the amount of $450,000. Plaintiffs are also entitled to a permanent injunction, enjoining Defendant from further infringing on their exclusive copyrights and trademark rights. Due to insufficient support for attorney's fees, Plaintiff is either not entitled to attorney's fees or entitled to a reduction in the fees requested. The Plaintiffs, however, may recover costs in the amount of $1,532.72.

## II. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and**

Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendants at the following addresses:

Theatrepalooza Community Theater Productions, Inc.
Teresa Walker
1484 Gulf to Bay Blvd.
Suite 14
Clearwater, Florida 33755

Theatrepalooza Community Theater Productions, Inc.
Teresa Walker
44611 Guilford Drive
#155
Ashburn, Virginia 20147

                                                                          /s/
                                                   Ivan D. Davis
                                                   United States Magistrate Judge

December 7, 2018
Alexandria, Virginia