# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| MTI ENTER., INC., et al., )<br>　Plaintiffs, )<br>　　　　　　　　　　　　　 )<br>　v. 　　　　　　　　　　　　)<br>　　　　　　　　　　　　　 )<br>THEATERPALOOZA CMTY )<br>THEATER PROD., INC., 　　)<br>　Defendant. 　　　　　　　)<br>　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　 ) | Case No. 1:18cv650 |

## ORDER

On December 7, 2018, United States Magistrate Judge Ivan Davis entered a Report and Recommendation ("Report") in this copyright infringement case, recommending that plaintiff's motion for default judgment be granted in part and denied in part. Specifically, Judge Davis found that defendant willfully infringed on plaintiff's copyrighted works, namely *Annie*, *Mama Mia!*, and *Hairspray*, and that plaintiff was entitled to recover $450,000 in statutory damages ($150,000 per copyrighted work) and $1,532.72 in costs. Judge Davis also found, though, that plaintiff had not sufficiently proven the prevailing market rate for attorneys' fees and was therefore not entitled to fees or, at most, was entitled to reduced fees.

The parties had fourteen days to object to Judge Davis' Report. Defendant filed no objections; plaintiff, however, filed a limited objection to Judge Davis' findings and recommendations regarding attorneys' fees.

Upon consideration of the record and those portions of Judge Davis's Report to which no objections have been filed and having found no clear error,[1]

The Court **ADOPTS**, as its own, the following findings fact and recommendations of the United States Magistrate Judge, as set forth in the Report (Doc. 17):

- Plaintiff owns the copyrighted works *Annie*, *Mama Mia!*, and *Hairspray*;

- Defendant infringed on plaintiff's copyrighted works by advertising and promoting performances of *Annie*, *Mama Mia!*, and *Hairspray* without obtaining the appropriate licenses;

- Defendant had actual knowledge that plaintiff owned the copyrights to *Annie*, *Mama Mia!*, and *Hairspray*, and willfully infringed these copyrighted works;

- Plaintiff is entitled to the statutory maximum penalty of $150,000 "for any one work," 17 U.S.C. § 504(c)(1)-(2), resulting in an award of statutory damages totaling $450,000;[2]

- Plaintiff incurred costs of $1,532.72, which must be taxed against defendant;

---

[1] *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (in the absence of any objections to a magistrate's report, the court "need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'").

[2] Given the nature of defendant's business, namely an arts summer camp for children, the undersigned may have reduced the statutory damages award significantly upon a de novo review. However, defendant did not object to the Magistrate Judge's findings and recommendations, and Judge Davis did not clearly err. Accordingly, Judge Davis' damages determination, which is supported by fact and law, will not be disturbed.

- Plaintiff satisfied each of the *eBay* factors[3] and defendant must be permanently enjoined from infringing plaintiff's copyrighted works.

Upon consideration of the record and those portions of Judge Davis's Report to which an objection was filed, and having conducted a *de novo* review,

The Court **OVERRULES** plaintiff's limited objection (Doc. 18) and **ADOPTS** the Magistrate Judge's recommendation to reduce plaintiff's request for attorneys' fees. Specifically, the Court makes the following findings:

- Plaintiff requests to be reimbursed at the rate of $865 per hour for partners and $610 per hour for associates.

- Although plaintiff submitted affidavits supporting their claim that these rates are the prevailing market rates for copyright litigation in the Washington D.C. area, these rates are high for this standard, run-of-the-mill copyright case in which no answer was filed.

- Plaintiff requests reimbursement for 74.95 partner and 22.3 associate hours.

- Plaintiff's request for 22.3 associate hours is reasonable; plaintiff's request for 74.95 partner hours is not.

- This case was simple from the start and was made even more so by defendant's default. All plaintiff's counsel was required to do is: (1) file a

---

[3] *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (when determining whether to grant a permanent injunction courts should consider four factors: (1) whether plaintiff has suffered an irreparable injury; (2) whether monetary damages are adequate; (3) whether the balance of hardships favor the injunctions; and (4) the public's interest).

3

complaint; (2) seek Clerk's entry of default; (3) file a motion for default judgment; (4) appear at the default judgment hearing; (5) review the Magistrate Judge's Report; and (6) file objections to the Report.

- Given that the Court has previously found that 22.3 associate hours were reasonable, the Court will find that an additional 27.7 partner hours are reasonable given the amount of effort that should have been expended on this straightforward case.

- Therefore, pursuant to 17 U.S.C. § 505, the Court finds that plaintiff is entitled to a "reasonable" award of attorneys' fees in the amount of $37,563.50.

Accordingly,

It is hereby **ORDERED** that plaintiff's motion for default judgment (Doc. 12) is **GRANTED IN PART**.

It is further **ORDERED** that defendant is permanently enjoined from advertising and producing theater productions containing plaintiff's copyrighted works.

It is further **ORDERED** that the Clerk of Court shall enter final judgment in favor of plaintiff and against defendant in the amount of $489,096.22, consisting of $450,000 of statutory damages, $37,563.50 in attorneys' fees, and $1,532.72 in costs.

The Clerk is further directed to provide a copy of this Order to all counsel of record, and to place this matter among the ended causes.

Alexandria, Virginia
January 2, 2019

T. S. Ellis, III
United States District Judge

4